IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cr-30118-MJR-DGW |
| ) | |
| SEAN D. MCGILVERY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court are Defendant Sean D. McGilvery's ("Defendant") Motion to Reconsider Detention Order filed on June 10, 2013 (Doc. 18) and the United States of America's Initial Response filed on June 12, 2013 (Doc. 19). On June 20, 2013, this Court held a hearing on Defendant's Motion. The Motion is **DENIED**.

On May 30, 2013, Defendant appeared before this Court for a preliminary hearing on a criminal complaint and for a detention hearing. After being notified of his rights as to each hearing, Defendant executed a written waiver. The Court then found probable cause and entered an order of detention. At that hearing, Defendant's counsel informed the Court that he would like to make a future request for bond for Defendant if a suitable drug treatment facility was found to treat him. The Court granted Defendant leave to file a motion for reconsideration if and when such a facility was found. Defendant is now back before the Court requesting bond and release to a treatment facility.

In his motion, Defendant requests that the Court reconsider its order of detention in light of additional information not previously available. The alleged "new information" is the availability of a bed at a residential drug treatment facility, the S.M.A.R.T.S program. Additionally, after

completion of said treatment, Defendant requests to be released to the home of his aunt in St. Louis, Missouri.

The United States responded to Defendant's motion for reconsideration. In its response the government raises three areas of concern about the proposed drug treatment: First, the capability of the S.M.A.R.T.S. program to treat a person using methadone; second, the source of funding for the treatment; and third, the security of the drug treatment facility. Additionally, the United States objects to Defendant's release to the family residence where the alleged crime occurred and argues that Defendant has been unsuccessful in drug treatment in the past. Moreover, the United States urges that because the Defendant faces a substantial "mandatory minimum" jail sentence, he is a risk to flee the jurisdiction. Lastly, the United States asserts that there is a likelihood that Defendant will obstruct justice.

The Bail Reform Act of 1984 authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. 18 U.S.C. §§ 3141–3150. Pursuant to Title 18 U.S.C. § 3142(b), a defendant must be released on personal recognizance or unsecured personal bond unless the judicial officer determines "that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." In addition, section 3142(c)(3) provides that a judicial officer "may at any time amend the order to impose additional or different conditions of release." This provision recognizes "the possibility that a changed situation or new information" may come to the attention of the court. S. Rep. No. 98-225, at 16 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3199.

The issue before the Court is whether the availability of a bed at S.M.A.R.T.S., a drug treatment facility, is a change in circumstances that warrants the Court to vacate its previous order of detention. This Court finds that it is not. The Court has considered and discounted all of the government's arguments except one:[1] Defendant's lack of success in drug treatment programs in the past. There is no evidence before the Court that this proposed stay in a residential facility might have a different result.

The facts of the instant case demonstrate that Defendant is addicted to heroin. Defendant successfully completed the requirements of the St. Clair County, Illinois drug court, a component of which is drug treatment. However, at the time of his arrest, Defendant was on a methadone maintenance program but was nonetheless allegedly actively distributing *and using* heroin. Clearly, Defendant's most recent participation in drug treatment was unsuccessful. There is presumption under the Bail Reform Act that a user and distributor of heroin is a danger to the community. While the Bail Reform Act allows a defendant to rebut that presumption, Defendant has not done so.

This Court having reviewed the record in *tota re perspecta* including, but not limited to, the evidence presented in open court, the pretrial services report, and all filings in the case determines that the availability of a bed in the S.M.A.R.T.S. program does not change the previous finding of the Court that no condition or combination of conditions will reasonably assure the safety of any

---

[1] There is no evidence before the Court that Defendant might obstruct justice if released. There is also no evidence that because Defendant is facing a long sentence he is a risk of flight. The government must demonstrate, at the very least, that a defendant has the means and opportunity to flee: to hold otherwise would mean that every defendant facing a lengthy sentence would automatically be denied a bond.

other person or the community.  The previous order of detention (Doc. 16 ) remains in full force and effect. Defendant's Motion to Reconsider Detention Order (Doc. 18) is therefore **DENIED**.

**SO ORDERED:**

**DATED: June 24, 2013**

                                       **DONALD G. WILKERSON**
                                       **United States Magistrate Judge**